UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

06 JUL -3 PM 3:58

| | |
|---|---|
| FIELDTURF, INC.<br>8088 Montview, TMR<br>Montreal, Quebec H4P 2L7<br>Canada<br><br>and<br><br>FIELDTURF INTERNATIONAL, INC.<br>5211 Mitchell Bridge Road<br>Dalton, GA 30721<br><br>        Plaintiffs,<br><br>v<br><br><br>THE HANOVER INSURANCE<br>GROUP, INC.<br>440 Lincoln Street<br>Worcester, MA 01653<br>SERVE:<br>    William J. Cahill, Jr.<br>    440 Lincoln Street North 435<br>    Worcester, MA 01653<br><br>and<br><br>MASSACHUSETTS BAY INSURANCE<br>COMPANY<br>100 North Parkway<br>Worcester, MA 01605<br>SERVE:<br>    William J. Cahill, Jr.<br>    440 Lincoln Street North 435<br>    Worcester, MA 01653<br><br>        Defendants. | CIVIL ACTION NO. 3:06CV327-H<br><br>**COMPLAINT** |

Come the Plaintiffs, FieldTurf, Inc. and FieldTurf International, Inc. (collectively "FieldTurf"), by counsel, and for their cause of action against Defendants, Massachusetts Bay Insurance Company and The Hanover Insurance Group, Inc. state as follows:

## I. Parties

1. FieldTurf, Inc. is a Canadian corporation having its principal place of business at 8088 Montview, TMR, Montreal, Quebec H4P 2L7 Canada.

2. FieldTurf International, Inc. is a Georgia corporation having its principal place of business at 5211 Mitchell Brg., Dalton, Georgia.

3. On information and belief, The Hanover Insurance Group, Inc. ("Hanover") is a Delaware corporation having its principal place of business at 440 Lincoln Street, Worcester, MA 01653.

4. On information and belief, Massachusetts Bay Insurance Company ("MBIC") is a subsidiary of Hanover having its principal place of business at 100 North Parkway, Worcester, MA 01605.

## II. Jurisdiction and Venue

5. This is an action for declaratory judgment pursuant to Title 28, United States Code, § 2201, and Fed. R. Civ. P. 57, for the purpose of determining a question of actual controversy between the parties as hereinafter more fully appears.

6. Jurisdiction of this action is based on Title 28, United States Code, §1332(a), there being diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7. Venue is proper in this Court pursuant to Title 28, United States Code, §1391(a), in that a substantial part of the events giving rise to the claim occurred in this district as the Court currently has before it <u>FieldTurf, Inc., et al. v. TurfUSA, LLC</u>, Civil Action No. 3:02-CV-00502.

8   An actual controversy of a justiciable nature exists between Plaintiffs and Defendants, involving their rights and liabilities under contracts of insurance entered into between them, and dependent on the construction of these contracts, which controversy may be determined by a judgment of this Court without other suits.

### III. Factual Allegations

A.   **The Insurance Policy**

9.   On November 14, 2001, Defendants issued a policy of insurance, Policy No. ZDA 5379412 04, to FieldTurf Holdings, Inc. A true and accurate copy of this policy is attached hereto as Exhibit A and incorporated herein by reference. The named insured on this policy included Plaintiffs. The period of the policy extended from September 5, 2001 through September 5, 2002 (and was further extended from September 5, 2002 through September 13, 2002 pursuant to Policy No. RHA 5379412 05, also issued by Defendants).

A.   Pursuant to the policy, Defendants insured Plaintiffs against *inter alia* Personal and Advertising Injury Liability, as stated, in relevant part, in the policy as follows:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which the insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result.

Policy No. ZDA 5379412 04, Coverage B, Section 1(a), at 5.

B.   Pursuant to the policy, "Personal and advertising injury" is defined, in relevant part, as "injury . . . arising out of one or more of the following offenses:"

    d.    Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

. . .

    g.    Infringing upon another's copyright, trade dress or slogan in your "advertisement."

Policy No. ZDA 5379412 04, Section V, at 12.

C.    Pursuant to the policy, "Suit" is defined, in relevant part, as "a civil proceeding in which damages because of 'bodily injury', 'property damage' or 'personal and advertising injury' to which this insurance applies are alleged." Policy No. ZDA 5379412 04, Section V, at 13.

D.    Pursuant to the policy, the amount that Defendants agreed to pay for damages for Personal and Advertising Injury Liability was limited to $1,000,000.00. Policy No. ZDA 5379412 04, Common Declarations at 3.

**B.    The Litigation**

10.    On September 3, 2002, Plaintiffs filed a lawsuit against TurfUSA, LLC in the United States District Court for the Western District of Kentucky, Louisville Division, Civil Action No. 3:02-CV-00502, alleging claims of patent infringement, unfair competition under state and federal law and tortious interference with economic relations.

11.    On or about October 3, 2005, TurfUSA, LLC (under its successor name, ProGrass, LLC) filed a Motion for Leave to File an Amended Answer and Counterclaim. The Motion was granted by the Court in an Order entered on or about November 22, 2005, on which date the Amended Answer and Counterclaim was also entered as filed.

12.    The claims asserted against Plaintiffs in the Amended Answer and Counterclaim include federal antitrust violations, federal and state unfair competition, tortious interference

with contractual relations and prospective economic advantage, and state unfair practices, arising from TurfUSA, LLC's allegations that Plaintiffs *inter alia* made numerous false and misleading statements of fact concerning TurfUSA, LLC's product in letters sent to TurfUSA, LLC's customers and potential customers. *See, e.g.* TurfUSA, LLC's Amended Answer and Counterclaim ¶185 at 23-24. The actions of which Plaintiffs are accused in the Amended Answer and Counterclaim are alleged to have occurred during the period of insurance coverage provided by Defendants.

13. Plaintiffs, by counsel, continued to fully prosecute their claims in the litigation, as well as to defend themselves against the allegations in TurfUSA, LLC's Amended Answer and Counterclaim.

C. **Defendants Denial Of Coverage To Plaintiffs**

14. On March 9, 2006, pursuant to the above-referenced policy of insurance, Plaintiffs gave notice to Defendants of the claims in TurfUSA, LLC's Amended Answer and Counterclaim, and sought recovery of the attorneys fees and costs expended in defense of this action.

15. In correspondence dated May 16, 2006, attached hereto as Exhibit B and incorporated herein by reference, Defendants denied that the policy afforded any coverage to Plaintiffs in connection with TurfUSA, LLC's Amended Answer and Counterclaim and further denied liability for any damages that arose thereto alleging *inter alia* that Plaintiffs waited more than five months before notifying MBIC of the claims. *Id.* at 5.

16. In correspondence dated June 13, 2006, attached hereto as Exhibit C and incorporated herein by reference, Defendants again denied that the policy afforded any coverage to Plaintiffs in connection with TurfUSA, LLC's Amended Answer and Counterclaim and further

denied liability for any damages that arose thereto alleging *inter alia* that Plaintiffs waited more than five months before notifying MBIC of the claims. Id. at 5.

17. In correspondence dated June 13, 2005, attached hereto as Exhibit D and incorporated herein by reference, Plaintiffs responded to Defendants' March 16, 2006 correspondence, and provided invoices for its defense of the claims in TurfUSA, LLC's Amended Answer and Counterclaim incurred during the period of October 3, 2005 through January 31, 2006.

18. In correspondence dated June 27, 2006, attached hereto as Exhibit E and incorporated herein by reference, Defendants declined payment of Plaintiffs' legal bills incurred during the period of October 3, 2005 through January 31, 2006. However, in this same correspondence, Defendants "agreed to provide a defense, and reserve[d] its right to negotiate a reasonable rate for legal fees." The correspondence further stated that Defendants would review Plaintiffs legal bills incurred from March 10, 2006 onward.

### IV. Claim For Declaratory Judgment

19. Notwithstanding its duty and contractual obligation to defend Plaintiffs against the claims in TurfUSA, LLC's Amended Answer and Counterclaim, Defendants have refused and failed to so defend or to assume any liability whatsoever in connection with the action, as set forth in the above-referenced correspondence, attached hereto as Exhibits B - E. Therefore, an actual controversy of a justiciable nature exists between Plaintiffs and Defendants involving their rights and liabilities under the contract of insurance at issue herein.

20. Plaintiffs are entitled to a declaration by this Court, fixing the rights and obligations of Plaintiffs and Defendants respecting the duties of each of the parties and what each owes the other under the terms of the policy of insurance.

21.    Neither Plaintiffs and, on information and belief, nor Defendants have sought, by any other legal action, to have their respective rights adjudicated under the policies described above.

22.    The action of Defendants in refusing to defend Plaintiffs against the claims in TurfUSA, LLC's Amended Answer and Counterclaim, is capricious, arbitrary and vexatious. Plaintiffs are entitled to attorney fees and costs expended in connection with compelling Defendant to fulfill its contractual obligations.

WHEREFORE, Plaintiffs request that the Court:

1.    Enter a declaratory judgment construing the provisions of the policy of insurance and determining the respective rights and liabilities of Plaintiffs and Defendants;

2.    Order Defendants to pay Plaintiffs the amount of attorneys fees and costs expended to date in defense of the above-described action;

3.    Order Defendants to indemnify and defend Plaintiffs in the future in the above-described action;

4.    Order Defendants to pay Plaintiffs their attorney fees and expenses incurred in connection with the filing of this suit in order to compel Defendants to fulfill their contractual obligations; and

5.   Award Plaintiffs such other and further relief as the Court may deem just and necessary.

Dated: July __, 2006

Respectfully submitted,

_____
KYLE ANNE CITRYNELL
PAUL J. HERSHBERG
PETER J. STAVROS
SEILLER WATERMAN LLC
462 South Fourth Street, Suite 2200
Louisville, Kentucky 40202-3445
Telephone: (502) 584-7400
Email: citrynell@derbycitylaw.com
Counsel for Plaintiffs

G:\doc\KAC\FieldTurf\Complaint.wpd