# EXHIBIT   B

# **EXHIBIT B**

# **MAY 16, 2006**
# **CORRESPONDENCE**



REGISTERED/RETURN RECEIPT REQUESTED

FieldTurf International Inc.
David Adler
303 Peachtree St NE
Suite 4600
Atlanta GA 30308

May 16, 2006

> RE: *FIELDTURF, INC. AND FIELDTURF INTERNATIONAL, INC. V.
> TURFUSA, LLC.*
> **United States District Court for the Western District of
> Kentucky, Louisville Division**
> **Civil Action No. 3:02-CV-502**
> **Claim No.:  29-331942**

Dear Mr. Adler:

We have reviewed the allegations contained in the Amended Counterclaim
against FieldTurf, Inc. and FieldTurf International, Inc. filed in the matter
styled <u>FieldTurf, Inc. and FieldTurf International, Inc., Plaintiffs v. TURFUSA,
LLC, Defendant</u>, filed in the United States District Court for the Western
District of Kentucky, Louisville Division at Civil Action No. 3:02-CV-502. The
Amended Counterclaim was forwarded to Massachusetts Bay Insurance
Company for insurance coverage under Policy No. ZDA 5379412 04, with a
policy period of September 5, 2001 through September 5, 2002, and Policy No.
RHA 5379412 05, with a policy period September 5, 2002 through September
13, 2002.

You are hereby notified for the reasons set forth herein that Massachusetts Bay
Insurance Company believes that coverage does not likely exist under Policy
Nos. ZDA 5379412 04 and RHA 5379412 05 for the claims asserted against
FieldTurf in the referenced suit and that Massachusetts Bay expressly reserves
all rights and defenses under said policies. Massachusetts Bay denies liability
for any damages that arose as a result of any acts, omissions or other wrongful
conduct committed by FieldTurf before or after the respective policy periods.

05/16/2006
Page 2

By further investigating the matters alleged in the aforesaid Amended Counterclaim, negotiating for a compromise settlement, making any settlement, defending the Amended Counterclaim filed against FieldTurf or in any other way acting or failing to act with regard to the claims presented, Massachusetts Bay does not waive any of its rights or admit any obligations under policy numbers ZDA 5379412 04 and RHA 5379412 05, issued by Massachusetts Bay Insurance Company to FieldTurf, Inc. and FieldTurf International, Inc.

Massachusetts Bay is making this reservation of rights for the following reasons:

The Insuring Agreement for Coverage A Bodily Injury and Property Damage Liability of Massachusetts Bay's policies states:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages. However, we will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply.

"Bodily injury" is defined to mean:

> bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

"Property damage" is defined to mean:

> a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
>
> b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the 'occurrence' that caused it.

"Occurrence" is defined to mean:

05/16/2006
Page 3

>an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

The exclusions to Coverage A state as follows:

>This insurance does not apply to:
>
>a.      Expected Or Intended Injury
>
>>'Bodily injury' or 'property damage' expected or intended from the standpoint of the insured.

None of the averments of the Complaint appear to allege "bodily injury" or "property damage" and no coverage is, therefore, afforded by Coverage A.

The Insuring Agreement for Coverage B Personal and Advertising Injury Liability of Massachusetts Bay's policies states:

>We will pay those sums that the insured becomes legally obligated to pay as damages because of 'personal and advertising injury' to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages. However, we have no duty to defend the insured against any 'suit' seeking damages for 'personal and advertising injury' to which this insurance does not apply.

"Personal and advertising injury" is defined to mean:

>injury . . . arising out of one or more of the following offenses:
>
>                          * * *
>
>(d)      Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products, or services;
>
>                          * * *
>
>(g)      Infringing upon another's copyright, trade dress or slogan in your "advertisement."

05/16/2006
Page 4

"Suit" is defined to mean:

>    a civil proceeding in which damages because of 'bodily injury,'
>    'property damage' or 'personal and advertising injury' to which
>    this insurance applies are alleged.

The exclusions to Coverage B state, <u>inter alia</u>, that "personal and advertising injury" coverage does not apply to:

>    (a)    "Personal and advertising injury":
>
>          (1)    Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict 'personal and advertising injury;'
>
>          (2)    Arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity;
>
>                          * * *
>
>          (4)    Arising out of a criminal act committed by or at the direction of any insured.

Section IV, "Commercial General Liability Conditions," sets forth, <u>inter alia</u>, the following:

>    2.    Duties In The Event Of Occurrence, Offense, Claim Or Suit
>
>          a.    You must see to it that we are notified as soon as practicable of an 'occurrence' or an offense which may result in a claim. . .
>
>          b.    If a claim is made or 'suit' is brought against any insured, you must:
>
>                          * * *
>
>          (2)    Notify us as soon as practicable.

05/16/2006
Page 5

> You must see to it that we receive
> written notice of the claim or 'suit' as
> soon as practicable.

c.    You and any other involved insured
must:

> > (1)    Immediately send us copies of
> > any demands, notices, summonses or
> > legal papers received in connection
> > with the claim or 'suit';

* * *

## FAILURE TO COMPLY WITH CONDITIONS PRECEDENT

The Amended Answer and Counterclaim was served on FieldTurf on or about
October 3, 2005 as part of TURFUSA's Motion For Leave to File an Amended
Answer and Counterclaim.  After leave was granted, the Amended Answer
and Counterclaim was filed November 22, 2005.  FieldTurf did not notify
Massachusetts Bay of those claims until March 10, 2006, more than five
months after FieldTurf had been presented with the same.

We do not believe that coverage exists under Massachusetts Bay's policies for
any count of the Counterclaim because FieldTurf did not notify Massachusetts
Bay of the claims as soon as practicable as required by Conditions 2(a) and (b),
quoted, supra, and because FieldTurf did not send Massachusetts Bay copies
of demands, notices, summonses and legal papers received in connection with
the suit "immediately" as required by Paragraph 2(c) of the Conditions.

## COUNTS ONE, TWO, THREE AND FOUR–
## DECLARATORY JUDGEMENT

We do not believe that coverage exists under Coverages A and B of
Massachusetts Bay's policies for Counts One, Two, Three or Four for
Declaratory Judgment.  The relief sought in Counts One, Two, Three and Four
is not relief for bodily injury or property damage as defined by the policy and
does not arise from an "occurrence."  The averments of Counts One, Two,
Three and Four do not meet the definition of "personal and advertising injury"
set forth in the policy.

## COUNT FIVE – FEDERAL

05/16/2006
Page 6

## ANTITRUST VIOLATIONS

We do not believe that coverage exists under Coverage A because the claim is not one for bodily injury or property damage and because of Exclusion (a): "Expected or Intended Injury," because of the intentional nature of a Sherman Act violation.   We do not believe that coverage exists under Coverage B because the claim is not one for "Personal and Advertising Injury" and because it arises "out of a criminal act committed by or at the direction of any insured." (Exclusion (a)(4)).

## COUNT SIX- VIOLATIONS
## OF KRS 367.175

We do not believe coverage exists under Coverage A because the claim is not one for bodily injury or property damage and because of Exclusion (a): "Expected or Intended Injury," because of the intentional nature of a violation of KRS 367.175.   We do not believe that coverage exists under Coverage B because the claim is not one for "Personal and Advertising Injury" and because it arises "out of a criminal act committed by or at the direction of any insured." (Exclusion (a)(4)).

## COUNT SEVEN- LANHAM ACT
## UNFAIR COMPETITION

We have not yet determined whether coverage exists for Count Seven and will continue our investigation into whether or not coverage exists, subject to the reservation of rights set forth in this letter.

## COUNT EIGHT- TORTIOUS INTERFERENCE
## WITH CONTRACTUAL RELATIONS AND
## COUNT NINE- TORTIOUS INTERFERENCE
## WITH PROSPECTIVE ECONOMIC ADVANTAGE

We do not believe that coverage exists for Counts Eight and Nine under Coverage A because these Counts do not seek to recover for bodily injury or property damage.  Additionally, Exclusion (a) to Coverage A states that the insurance provided by Coverage A does not apply to bodily injury or property damage "expected or intended from the standpoint of the insured."

We do not believe that coverage exists under Coverage B because the claim asserted is not one for "Personal and Advertising Injury." Additionally, Exclusion (a)(1) of Coverage B states that Coverage B does not apply to

05/16/2006
Page 7

"Personal and Advertising Injury" caused by or at the direction of the insured with the knowledge that the insured's act would violate the rights of another and Exclusion (a)(2) of Coverage B states that coverage does not exist for oral or written publication of material if done at the direction of the insured with knowledge of its falsity.

### COUNT TEN– UNFAIR TRADE PRACTICES
### KRS §365.050

We do not believe that coverage exists for Count Ten because it does not plead any cause of action for bodily injury, property damage or advertising injury.

### RESERVATION OF RIGHTS

For the reasons set forth above, and for any other reasons known or which may become known, there are questions concerning whether or not coverage is afforded under the Policies for the claims being asserted against FieldTurf. It is the position of Massachusetts Bay Insurance Company that the policies of insurance issued to FieldTurf do not afford coverage for the matters alleged in TURFUSA's Amended Counterclaim against FieldTurf in the suit styled FieldTurf, Inc. and FieldTurf International, Inc., Plaintiffs v. TURFUSA, LLC, Defendant, filed in the United States District Court for the Western District of Kentucky, Louisville Division at Civil Action No. 3:02-CV-502. Massachusetts Bay expressly denies liability under Policy Nos. ZDA 5379412 04 and RHA 5379412-05 and expressly reserves all rights and defenses under said policies. Nonetheless, Massachusetts Bay will continue to investigate this claim and provide FieldTurf with a defense pursuant to a full reservation of rights. However, we expressly reserve the right to deny coverage under the above referenced Policies for all claims set forth in the lawsuit filed in the United States District Court for the Western District of Kentucky, Louisville Division. This reservation applies to both the duty to defend and the duty to indemnify.

Massachusetts Bay specifically reserves the right to take, inter alia, the following actions with respect to this matter:

1. To deny coverage at any time, including after any judgment rendered.

2. To file a declaratory judgment action at any time with respect to the coverage issues.

3. To litigate the coverage issues even after judgment.

05/16/2006
Page 8

4. To intervene in the tort action and to request a special verdict with respect to the coverage issues.

5. To withdraw the defense provided under this reservation of rights at any time should the court or we determine there is no coverage for you in this matter.

6. To seek reimbursement of legal fees incurred in the defense of claims not covered by this policy.

It is fully and distinctly understood that any and all actions undertaken by us are taken only with the full reservation of rights under the above-referenced policy. Further, no action shall be construed to be a waiver thereof, nor shall an estoppel result therefrom. This includes any settlement negotiations or mediation that we may enter into with the Plaintiff. This reservation applies not only to the potential defense of this case, but to any duty to indemnify you under the policy.

Further, it is possible that a judgment in excess of the applicable policy limits could be rendered against you. Since it is possible that the above-referenced policy will not apply to the losses and may not apply to the full extent of the claims being made against you, we recommend that you consult with independent counsel, at your own expense, to determine what exposure, if any, you may have beyond the coverage available to you under the policy.

If you have other insurance coverage available in connection with some or all of the Plaintiff's claims, please provide me with the carrier's name and policy number. To the extent that you have not done so, we request that you place all potential insurers on notice of this matter immediately.

Please acknowledge the receipt of this letter. If you believe we are incorrect as to any fact contained in this letter please notify us immediately, providing what you believe to be the correct facts. If you believe that any coverage conclusion is incorrect, please notify us immediately, setting forth the basis for your disagreement.

05/16/2006
Page 9


We are willing to reconsider our position if FieldTurf provides information indicating that acts or omissions resulting in damage covered by the policies were committed during the policy periods. Should said information be presented, Massachusetts Bay nevertheless reserves the right to deny FieldTurf's claim for the reasons set forth in this letter and for any and all other reasons applicable.

The foregoing in no way constitutes nor should it be construed as a waiver or relinquishment by Massachusetts Bay Insurance Company of any and all other policy defenses available to it under the terms and conditions of the above referenced insurance policies and neither anything in this document nor any action by us is to be construed as a waiver of any known or unknown defenses. Additionally, the foregoing in no way restricts or limits Massachusetts Bay Insurance Company from relying upon and asserting other grounds that are now available or maybe come available to it in the future.


Sincerely,

Pat Meyer
Regional General Adjuster
The Hanover Insurance Group
333 W. Pierce Rd
Itasca IL 60143
Phone: 630-521-8455
Fax: 630-773-8766


CC:  Jodi Factor
     Factor and Lake

     Hamilton, Dorsey, Alston

     Mark Clark
     Wachovia