UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| FIELDTURF, INC. and FIELDTURF INTERNATIONAL, INC., <br>     Plaintiffs, <br> v. <br><br> THE HANOVER INSURANCE GROUP, INC. and MASSACHUSETTS BAY INSURANCE COMPANY, <br>     Defendants. | ) CIVIL ACTION <br> ) <br> ) <br> ) <br> ) NO. 3:06-cv-00327-H <br> ) <br> ) <br> ) <br> ) <br> ) |

### MOTION TO COMPEL DISCOVERY PURSUANT TO F.R.C.P. 37(a)(2)(B)

AND NOW come Defendants, The Hanover Insurance Group, Inc. and Massachusetts Bay Insurance Company, by and through their attorneys, John P. Davis, III, Esquire and Jones, Gregg, Creehan & Gerace, LLP and Bradley T. Harville, Esquire and file this Motion to Compel Discovery Pursuant to Federal Rule of Civil Procedure 37(a)(2)(B):

    1. On or about October 25, 2006, Defendants directed Interrogatories, Requests for Production and Request for Admission to Plaintiffs.

    2. Plaintiffs filed Responses to Request for Admission, but have not filed Answers to Interrogatories, Responses to Request for Production or any objections thereto.

    3. On or about November 17, 2006, Defendants filed their Second Set of Interrogatories and Second Request for Production of Documents directed to Plaintiffs.

4. To date, Plaintiffs have not filed Answers to Defendants' Second Set of Interrogatories, Responses to Defendants' Second Request for Production or any objections thereto.

5. Defendants have also requested that Plaintiffs file full and complete Responses to the various Requests for Production, but they have not done so. Several of Plaintiffs' Responses to Defendants' Request for Admission are not believed to be in compliance with the mandates of F.R.C.P. 36, <u>to wit</u>: Request Nos. 1, 2, 3, 5,7, 23 and 34. Copies of those Requests and the Responses thereto are attached hereto as Exhibits "A" and "B."

6. Defendants have made repeated requests of Plaintiffs to fully respond to the Request for Admission and file Answers and Responses to both sets of Interrogatories and Requests for Production, but Plaintiffs have not done so. Most recently, Plaintiffs indicated that Answers and Responses to Request for Production would be filed by December 31, 2006, but none have been.

7. Plaintiffs believe and, therefore, aver that the Responses to Request for Production given are inadequate for the following reasons:

    a. The responses to Request Nos. 1 and 2 are not responsive to the requests made. Both requests seek admissions regarding the respective policy periods encompassed by the two policies. The requests are intended to determine whether there

2

is any controversy regarding the policy periods covered by the two policies. FieldTurf's mere admission that the policy materials so provide does not address that issue.

b.  FieldTurf's response to Request No. 3 is improper. The clear purpose of the request is to determine whether there is any controversy regarding pages MB011 - MB023 being excerpts from the 04 Policy. There is nothing on the ISO forms that indicate that those pages are part of the 04 Policy. See Exhibit "B" attached hereto.

c.  The clear intention of Request Nos. 5 and 7 is to determine if a controversy exists that the two policies were delivered in Georgia. FieldTurf's objection that the term "delivered" is not adequately defined is disingenuous since it is a term generally known and understood by the general public and parties and practitioners involved in insurance matters and FieldTurf even states that the policies were delivered to Portman. Although FieldTurf concedes that the policies were "given" to Portman for delivery to FieldTurf Holdings, Inc., the two requests go further in asking "where" the policies were delivered, or as FieldTurf states, "given." FieldTurf does not answer that part of the requests.

d.  FieldTurf's response to Request No. 23 is not responsive to the request as made. The request clearly asks whether FieldTurf knew that it was ProGrass' intention to pursue claims seeking monetary damages against FieldTurf. FieldTurf merely admits that it was on notice that ProGrass sought leave to pursue the claims in question. FieldTurf avoids admitting that it knew it was ProGrass' intention to pursue a claim seeking monetary damages or that it was on notice that ProGrass sought to pursue a claim(s) for monetary damages.

e.  FieldTurf's response to Request No. 34 is not in compliance with Rule 36(a) that states that "[a]n answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless that party states that the party has made reasonable inquiry and that the information

3

known or readily obtainable by the party is insufficient to enable the party to admit or deny." FieldTurf's response does not so state. Furthermore, any such response by FieldTurf would be disingenuous and is sanctionable. Clearly, FieldTurf knows or has the ability to readily determine whether it served Massachusetts Bay and/or Hanover with demands, notices, summons or legal papers received in connection with the Amended Counterclaims and when it did so.

WHEREFORE, The Hanover Insurance Group, Inc. and Massachusetts Bay Insurance Company request an Order be entered as follows:

1. Compelling Plaintiffs to file Answers and Responses to Defendants' Interrogatories, Request for Production, Second Set of Interrogatories and Second Request for Production within five (5) days of the entry of said Order; and

2. Compelling Plaintiffs to provide full and complete Responses to Request for Admission Nos. 1, 2, 3, 5, 7, 23 and 34 as required by the mandates of Federal Rule of Civil Procedure 36 within five (5) days of the date of said Order.

    Respectfully submitted,

    JONES, GREGG, CREEHAN & GERACE, LLP

BY: _____
JOHN P. DAVIS, III
PA I.D. 33294
Admitted Pro Hac Vice 7/19/06
411 SEVENTH AVENUE
SUITE 1200
PITTSBURGH, PA 15219
TELEPHONE: (412) 261-6400
FACSIMILE: (412) 261-2652
jpd@jgcg.com

					_____
					BRADLEY D. HARVILLE
					One Riverfront Plaza
					401 W. Main Street, Suite 1706
					Louisville, KY  40202
					TELEPHONE:  (502) 585-3356
					FACSIMILE:  (502) 585-3357
					bdh@harvillelaw.com

					ATTORNEYS FOR DEFENDANTS,
					THE HANOVER INSURANCE
					GROUP, INC. and MASSACHUSETTS
					BAY INSURANCE COMPANY

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **MOTION TO COMPEL DISCOVERY PURSUANT TO F.R.C.P. 37(a)(2)(B)** has been forwarded this 5th day of January, 2007, via electronic transmission, to the following:

> Kyle Anne Citrynell, Esquire
> Paul J. Hershberg, Esquire
> Seiller Waterman, LLC
> 462 South Fourth Street, Suite 2200
> Louisville, KY 40202-3445

And by email to:

> Peter J. Stavros, Esquire
> 4436 Blemheim Road
> Louisville, KY 40207
> petestavros@hotmail.com

By: _____
JOHN P. DAVIS, III
PA I.D. 33294
Admitted Pro Hac Vice 7/19/06
411 SEVENTH AVENUE
SUITE 1200
PITTSBURGH, PA 15219
TELEPHONE: (412) 261-6400
FACSIMILE: (412) 261-2652
jpd@jgcg.com

Counsel for Defendants,
The Hanover Insurance Group, Inc.
and Massachusetts Bay Insurance
Company